98 N.J. Super. 99 (1967)
236 A.2d 172
STEWART M. HUTT, PLAINTIFF-RESPONDENT,
v.
NORMAN ROBBINS, RALPH P. BARONE AND ISADORE ROSENBLUM, DEFENDANTS-APPELLANTS, AND TOWNSHIP OF WOODBRIDGE, A MUNICIPAL CORPORATION, ADDED DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1967.
Decided December 1, 1967.
*101 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Norman Robbins, appellant, argued the cause pro se and for appellant Ralph P. Barone and added defendant Township of Woodbridge.
Mr. Isador Rosenblum, appellant, argued the cause pro se.
Mr. Stewart M. Hutt, respondent, argued the cause pro se (Messrs. Hutt & Berkow, attorneys).
*102 The opinion of the court was delivered by KOLOVSKY, J.A.D.
Since January 1, 1964 the form of government of the Township of Woodbridge has been "Mayor-council plan F" under the Optional Municipal Charter Law, N.J.S.A. 40:69A-1 et seq. (hereinafter referred to as the "Faulkner Act").
Among the departments created by the township ordinance known as the Administrative Code of Woodbridge is the Department of Law, headed by defendant Robbins as Director of Law. The Code also provides that within that department "there shall be a law officer known as the municipal solicitor." The office is a part-time one, with the incumbent receiving an annual salary fixed by ordinance plus payment on a fee basis for services such as the conduct of litigation and the preparation of contracts. Cf. Koribanics v. Bd. of Educ. of Clifton, 48 N.J. 1, 7 (1966).
On January 3, 1966 Robbins, as Director of Law, appointed plaintiff Hutt to the office of municipal solicitor "effective and beginning January 1, 1966, for the term provided by law."
On April 28, 1967 Robbins, with the written approval of the township's mayor, defendant Barone, served notice upon Hutt terminating his services as municipal solicitor, effective May 1, 1967. On May 1, 1967 Robbins, with the mayor's written approval, appointed defendant Rosenblum as municipal solicitor, "effective immediately and terminating December 31, 1967."
Hutt, asserting that his removal was illegal, instituted this action in lieu of prerogative writs against Robbins, Barone and Rosenblum. The trial court ordered Rosenblum to "cease and desist" from occupying the office of municipal solicitor and directed Hutt's reinstatement to that office. Defendants appeal. At our direction the township has been added as a party to the action so that it may be bound by the decision on appeal.
The basic issues presented concern (1) the validity and (2) the interpretation of the Administrative Code provision that:
*103 "the municipal solicitor * * * shall be appointed by the director in the unclassified service [for a] term of four years, subject to removal as provided by the charter."
Hutt contends that under the charter (Mayor-council plan F) the municipal council had the power to and did fix a four-year term for the office and that the reserved power of "removal as provided by the charter" relates only to removal "for cause."
Defendant Robbins does not dispute that the council may fix the term of the office. But he argues that the Code, in providing that the appointee is "subject to removal as provided by the charter," conforms to the controlling charter section, which allegedly empowers him, with the approval of the mayor, to remove the municipal solicitor at will and without cause.
Defendant Rosenblum does not agree that the council has power to fix the term of office of municipal solicitor. He contends that since department heads may appoint and, with the approval of the mayor, remove subordinate officers and employees, the council is precluded from attaching a term to such subordinate offices and employments.
We turn, therefore, to an analysis of the provisions of the Faulkner Act applicable to municipalities governed by "Mayor-council plan F." These include N.J.S.A. 40:69A-74 to 80 relating specifically to that plan, and the following sections of the act which N.J.S.A. 40:69A-74 incorporates by reference, N.J.S.A. 40:69A-26 to 30, 36 to 48 and 150 to 210.
Under Mayor-council plan F the legislative power of the municipality is exercised by an elected municipal council, N.J.S.A. 40:69A-36. The council is also authorized to investigate the conduct of municipal affairs and to "remove any municipal officer, other than the mayor or a member of council, for cause, upon notice and an opportunity to be heard." N.J.S.A. 40:69A-37. The municipal clerk is appointed by the council, N.J.S.A. 40:69A-38.
*104 The executive power of the municipality is exercised by an elected mayor (N.J.S.A. 40:69A-39) who supervises "all of the departments of the municipal government" (N.J.S.A. 40:69A-40), the departments consisting of
"* * * a department of administration and such other departments, not exceeding 9 in number, as council may establish by ordinance. All of the administrative functions, powers and duties of the municipality, other than those vested in the office of the municipal clerk, shall be allocated and assigned among and within such departments." (N.J.S.A. 40:69A-43(a)).
Each department is headed by a director, appointed by the mayor with the advice and consent of the council. Each department head serves during the term of the office of the mayor appointing him and until the qualification of his successor. N.J.S.A. 40:69A-43(b). The mayor may in his discretion remove any department head after notice and an opportunity to be heard. The statute does not require a showing of cause for such removal. However, prior to removing a department head the mayor is required to give notice of his intention to the council, which may veto the proposed removal by a two-thirds vote of the whole number of the council. N.J.S.A. 40:69A-43(c).
N.J.S.A. 40:69A-43(d) provides for the appointment and removal of subordinate officers and employees within the departments:
"(d) Department heads shall appoint subordinate officers and employees within their respective departments and may, with approval of the mayor, remove such officers and employees subject to the provisions of the Revised Statutes, Title 11, Civil Service, where that Title is effective in the municipality, or other general law; provided, however, that council may provide by ordinance for the appointment and removal of specific boards or commissions by the mayor."
The section does not limit the power of removal granted to department heads to cases of removal for cause; the only prerequisite to the exercise of the power is the approval of the mayor.
*105 The legislative purpose is clear. The department head is responsible to the mayor, who may remove him at will subject only to veto by a two-thirds vote of the whole number of the council. The department head, in turn, is responsible for the performance of his subordinate; except where tenure statutes intervene, he is therefore given power to remove the subordinate if the mayor, who appointed the department head, approves. Further, the legislation insures that with the exception noted, a new department head will not be compelled to continue the employment of a subordinate whom neither he nor the mayor who appointed him had chosen and whose term, if he has one, may extend beyond that of the person who appointed him. Cf. 3 McQuillin, Municipal Corporations, § 12.115, p. 484 (1963).
Robbins' removal of Hutt from the office of municipal solicitor was authorized by the express language of N.J.S.A. 40:69A-43(d) unless the office, or Hutt as the incumbent thereof, is afforded tenure protection by the Civil Service Act or by "other general law."
"Tenure of office" protection is not afforded by the Civil Service Act because the office of municipal solicitor is in the unclassified service. McCartney v. Franco, 87 N.J. Super. 292, 297 (App. Div. 1965). Nor is such tenure protection to be found in any other "general law," a phrase defined for the purpose of the Faulkner Act by N.J.S.A. 40:69A-28:
"For the purposes of this act, a `general law' shall be deemed to be any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities, and the following additional laws whether or not such additional laws are so applicable or available to all municipalities: legislation relating to taxation, local courts, education, health, public authorities serving more than one municipality, and municipalities in unsound financial condition." (Emphasis added)
In support of his claimed right to continue to hold office for the four years specified in the Code, plaintiff relies on N.J.S.A. 40:69A-29, a section applicable to all municipalities *106 which have adopted one of the optional plans of government set forth in the Faulkner Act. That section provides in pertinent part as follows:
"Each municipality governed by an optional form of government pursuant to this act shall, subject to the provisions of this act or other general laws, have full power to:
(a) organize and regulate its internal affairs, and to establish, alter and abolish offices, positions and employments and to define the functions, powers and duties thereof and fix their term, tenure and compensation". (Emphasis added)
N.J.S.A. 40:69A-29 is not a "general law" within the statutory definition. Moreover, by its very terms, the powers therein granted to all municipalities operating under the Faulkner Act are subject to the other provisions of the act, in the present context to the removal provisions of N.J.S.A. 40:69A-43(d). The Code provision upon which plaintiff bottoms his claim to a four-year term recognizes that N.J.S.A. 40:69A-43(d) controls by providing that the municipal solicitor, appointed for a four-year term, is "subject to removal as provided by the charter."
Plaintiff also cites us to N.J.S.A. 40:48-1(3), a section of the Home Rule Act of 1917, which authorizes the governing body of a municipality to "[p]rescribe and define, except as otherwise provided by law, the duties and terms of office or employment, of all officers and employees." (Emphasis added). The section does not apply. Such power as Faulkner Act municipalities may have to fix terms of office stems from N.J.S.A. 40:69A-29, not from the Home Rule Act. Cf. O'Keefe v. Dunn, 89 N.J. Super. 383, 392 (Law Div. 1965), affirmed o.b. 47 N.J. 210 (1966). Further, even if the Home Rule section did apply, it would not aid plaintiff in view of the qualifying phrase in that section italicized supra. Cf. Davaillon v. Elizabeth, 121 N.J.L. 380, 383 (Sup Ct. 1938).
Our conclusion that N.J.S.A. 40:69A-43(d) authorizes the removal of the municipal solicitor at the will of the *107 director and mayor does not mandate a determination that the Administrative Code provision is invalid. But cf. Townsend v. Pequannock Twp., 47 N.J. Super. 294, 305 (Law Div. 1957).
"[It is] one of the cardinal rules of statutory construction that full force and effect must be given, if possible, to every word, clause and sentence of a statute. Oldfield v. New Jersey Realty Co., 1 N.J. 63, 68 (1948). A construction that will render any part of a statute inoperative, superfluous or meaningless, is to be avoided." Hoffman v. Hock, 8 N.J. 397, 406 (1952).
N.J.S.A. 40:69A-29(a) and N.J.S.A. 40:69A-43(d) may both be given effect by recognizing, as did the township's Administrative Code, that while the former section empowers the council to fix the term of a subordinate office within a department, the subordinate officer, although appointed for a term, is still subject, under the latter section, to removal at the will of the department head and the mayor. Such a pattern is not without statutory precedent. See R.S. 40:171-116, enacted as L. 1911, c. 175, § 2, which, as the court said in Jersey City v. Dept. of Civil Service, 7 N.J. 509 (1951):
"* * * evinces a legislative intent to permit a first class city * * * by ordinance to create new positions for assistants to the corporation counsel and in such ordinance to fix the terms of office and the salaries or compensation to be paid such assistants (although permitting their removal by the corporation counsel without cause assigned); * * *." (at p. 519)
The Faulkner Act, as we construe it, does not prohibit the adoption of such a pattern in the case of the municipal solicitor. There is, therefore, no basis for judicial interference with the council's legislative determination that it serves a useful municipal purpose to fix a term of office for the municipal solicitor although he remains subject to removal at will by the director of the department of law pursuant to N.J.S.A. 40:69A-43(d).
*108 We note that no issue has been presented as to the propriety or effect of Rosenblum's appointment as municipal solicitor for a term of only eight months. We express no opinion with respect thereto.
The judgment directing Hutt's reinstatement and Rosenblum's removal as municipal solicitor is reversed.