837 A.2d 1147

ELLEN FABER, PLAINTIFF–APPELLANT, v. BOROUGH OF HAW-THORNE AND FRED CRISCITELLI, IN HIS INDIVIDUAL CA-PACITY AND AS MAYOR OF THE BOROUGH OF HAW-THORNE, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 10, 2003—Decided December 29, 2003.

Before Judges KESTIN, CUFF and LARIO.

*James V. Segreto* argued the cause for appellant (*Segreto, Bruins & Segreto*, attorneys; *Mr. Segreto*, of counsel and on the brief).

*John J. Robertelli* argued the cause for respondents (*Hanrahan and Robertelli*, attorneys; *Mr. Robertelli*, of counsel and on the brief).

The opinion of the court was delivered by

KESTIN, P.J.A.D.

After a trial, plaintiff's claims for relief on account of her allegedly wrongful termination from her employment with defendant Borough of Hawthorne were rejected. The trial judge dismissed her claim against the municipality, holding that no violation of the Optional Municipal Charter Law (the Faulkner Act), *N.J.S.A.* 40:69A–1 to –210, had been established; and the jury returned a verdict of no cause for action on plaintiff's claim that the actions of defendant Criscitelli, the mayor, had violated plaintiff's First Amendment rights, *i.e.*, that she was terminated because she had supported a political opponent of his. Criscitelli had contended that a dire financial situation confronting the

municipality at the time was the reason for the employment action he had taken.

Plaintiff appeals on a single ground from the confirming order for judgment and the trial court's denial of her post-trial motion, arguing that the trial court's ruling on the Faulkner Act issue was erroneous. We reject the argument and affirm.

The government of the Borough of Hawthorne is organized according to the mayor-council plan provisions of the Faulkner Act, *N.J.S.A.* 40:69A–31 to –48. The issue plaintiff advances bears upon the meaning, interplay, and application of two subsections of *N.J.S.A.* 40:69A–43 to the facts at hand. These clauses provide:

(c) The mayor may in his discretion remove any department head and, subject to any general provisions of law concerning term of office or tenure, any other municipal executive officer who is not a subordinate departmental officer or employee, after notice and an opportunity to be heard. Prior to removal the mayor shall first file written notice of his intention with the council, and such removal shall become effective ... unless the council ... disapprov[es] the removal.

\* \* \*

(d) Department heads shall appoint subordinate officers and employees within their respective departments and may, with approval of the mayor, remove such officers and employees, subject to the provisions of ... law.

It was undisputed at trial that plaintiff had been employed by the municipality as an office manager in its water department, and that the mayor, without consulting anyone, had removed her from her position. In ruling on the Faulkner Act issue, Judge Dumont found that the position was not that of a department head, and that plaintiff had been an at-will employee. He held:

[W]hile department heads are empowered under the Faulkner Act to remove their subordinate employees, even they don't have the final authority with respect to removal of subordinates. The mayor must approve it.

But that doesn't mean that that's the only way a person who is not a department head can be removed.... [T]he statute ... does not say that department heads have to be involved in the process to remove a subordinate.

... [I]f it deals with a matter of performance, it's better if the department head is involved, but the statute simply gives the department head the authority to be involved in the process[;] ... it doesn't say that the department head has to be involved in the process.... [I]n the final analysis, the mayor must approve the termination even if the department head is involved.

* * *

[I]t might have been preferable if there'd been consultation with the department heads, but ... it was not a situation which was performance-based. No one had any problem with Mrs. Faber, either as a person ... or in terms of her performance. It was rather ... done for budgetary reasons.

So, while it might have been preferable to consult with the department heads, in this situation there were circumstances where that was not necessary, and I don't find that the Faulkner Act compels that there be a consultation with the department heads.

We are in substantial agreement with the logic employed by Judge Dumont in construing the pertinent statutes. Because a department head may not remove a subordinate employee without the mayor's approval, it does not follow that the mayor himself must seek the department head's concurrence when making such a decision, especially if the reasons for discharge have nothing to do with the employee's performance, but rather bear upon fiscal concerns or involve other general administrative considerations. *See City Council, Orange v. Brown,* 249 *N.J.Super.* 185, 191–92, 592 *A.*2d 260 (App.Div.1991). To hold otherwise would limit the mayor's authority and function as the municipality's chief executive officer, *see id.* at 188–89, 592 *A.*2d 260, an outcome that cannot reasonably be seen as envisaged by the statutory scheme.

If the mayor's decision is precluded by other provisions of law, including any enacted pursuant to the municipality's authority to reallocate, by ordinance, the powers of its officers in respect of employments, *see, e.g., id.* at 190, 592 *A.*2d 260, or because it violates a constitutional guarantee, relief may be available on other grounds. It would be inappropriate, however, and at variance with the plain purport of the statutory scheme governing the exercise of municipal powers, to reach a result favorable to plaintiff on the basis that the employment decision the mayor made here was not within his authority. A mayor is not disempowered from acting to achieve a permissible goal generally within his prerogatives because he did not act with the formal concurrence of another officer who is subordinate to him.

*Hutt v. Robbins,* 98 *N.J.Super.* 99, 236 *A.*2d 172 (App.Div.1967), upon which plaintiff relies, does not stand for the contrary proposition. There, we addressed the distribution of powers among the municipal council, mayor, and a department head. Except to refer to *N.J.S.A.* 40:69A–43(d) as providing part of the framework of the dispute presented, we did not give that statute the reading plaintiff advances.

Affirmed.