76 N.J. Super. 64 (1962)
183 A.2d 774
SAMUEL RAYMOND DOBBS, PLAINTIFF,
v.
ALFRED R. PIERCE, MAYOR OF THE CITY OF CAMDEN, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 17, 1962.
*65 Mr. William C. Gotshalk, attorney for the plaintiff.
Mr. George E. Stransky, Jr., for the defendants.
SCHALICK, J.S.C.
Plaintiff brings this action in lieu of prerogative writs to establish his right to the office of the city assessor of the City of Camden, alleging tenure as an honorably discharged veteran. The plaintiff received his honorable discharge from the Army of the United States on December 15, 1918.
On January 20, 1938 George E. Brunner, Mayor and Director of Department of Revenue and Finance, appointed, by letter, the plaintiff Dobbs "a member of the Board of Commissioners of the Assessment of Taxes of the City of Camden, New Jersey, such appointment to be effective Friday, January 21st, 1938, at a salary of $2400. per annum less the usual deductions." The letter concluded, "You will report for duty at 9:00 A.M. on the effective date to Mr. Maurice Clyman and Mr. Harry Langenbein, the members previously appointed by me to this Board." The plaintiff, receiving no other appointments, continued to hold the office until July 1, 1961, when he received notice that the board of assessors had been abolished.
At the time of the plaintiff's appointment the City of Camden had a commission form of government which was established in April 1923. R.S. 40:70-1 et seq. On July 1, 1961 the City of Camden changed to Mayor-Council Plan B of the Optional Municipal Charter Law. N.J.S.A. 40:69A-49 et seq.
At the organization meeting on July 1, 1961 an ordinance was passed adopting an administrative code for the City *66 of Camden. Under Article 4, Department of Administration and Finance, the ordinance provides:
"4.7 Division of Assessments. Within the department of administration and finance there shall be a division of assessments, the head of which shall be the city assessor. The division shall:
(a) Have, perform and discharge all the functions, powers and duties prescribed by law for a municipal assessor;
(b) Make assessments for benefits for local improvement, and for that purpose to have and exercise the powers and duties of a board of assessment for local improvements as provided by law;
(c) Maintain adequate assessment records of each separate parcel of real property assessed or exempted and establish and maintain such files, records and procedures as may be required for the valuation and assessment of personal property pursuant to law;
(d) Maintain a current tax map of the city as a public record, and cause to be recorded thereon all changes in ownership or character of the real property assessed."
The defendant Clyman, who was not a veteran, was appointed the city assessor, and it was stipulated that Clyman later resigned on March 15, 1962, and he was succeeded by Patrick Corbett, also made a defendant.
The plaintiff relies on the protection of tenure of office as a veteran, alleging that he was originally appointed without designation of a term, and that he served until July 1, 1961, without any reappointments subsequent to his original appointment. He served with two other members on the board of assessments during all of his service, and at the same time, while serving as one of the board of assessments, he was acting supervisor of the Bureau of City Property as the assistant to the Director of Public Works from February 28, 1936 to July 1, 1961.
The status of the plaintiff under any version is affected by the abolition of the board of assessments consisting of three members, and the creation of the office of city assessor for one person under the ordinance adopted by the newly organized government.
The transitional provision of N.J.S.A. 40:69A-207 sets forth:
*67 "At 12 o'clock noon on the effective date of an optional plan adopted pursuant to this act, all offices then existing in such municipality shall be abolished and the terms of all elected and appointed officers shall immediately cease and determine; provided, that nothing in this section shall be construed to abolish the office or terminate the term of office of any member of the board of education, trustees of the free public library, commissioners of a local housing authority, municipal magistrates or of any official or employee now protected by any tenure of office law, or of any policeman, fireman, teacher, principal or school superintendent whether or not protected by a tenure of office law. If the municipality is operating under the provisions of Title 11 of the Revised Statutes (Civil Service) at the time of the adoption of an optional plan under this act, nothing herein contained shall affect the tenure of office of any person holding any position or office coming within the provisions of said Title 11 as it applies to said officers and employees. If the municipal clerk has, prior to the effective date of the optional plan, acquired a protected tenure of office pursuant to law, he shall become the first municipal clerk under the optional plan.
Provision for officers and for the organization and administration of the municipal government under the optional plan may be made by resolution pending the adoption of ordinances, but any such resolution shall expire not later than 30 days after the effective date of the optional plan."
The court is required to give a liberal construction by statutory direction, N.J.S.A. 40:69A-30:
"The general grant of municipal power contained in this article is intended to confer the greatest power of local self-government consistent with the Constitution of this State. Any specific enumeration of municipal powers contained in this act or in any other general law shall not be construed in any way to limit the general description of power contained in this article, and any such specifically enumerated municipal powers shall be construed as in addition and supplementary to the powers conferred in general terms by this article. All grants of municipal power to municipalities governed by an optional plan under this act, whether in the form of specific enumeration or general terms, shall be liberally construed, as required by the Constitution of this State, in favor of the municipality."
The Supreme Court, in Myers v. Cedar Grove Township, 36 N.J. 51, 57 (1961), in considering the same Charter Act, held:
*68 "In view of the above provisions, it is clear the Legislature intended to centralize maximum powers in the municipality, giving the Council and Manager the widest possible authority to determine the organization of departments and to control personnel; that the new municipal government should not be hampered in its organization by a variety of holdover boards, bodies and departments. Of course, this authority is subject to the applicable provisions of `general law,' N.J.S.A. 40:69A-26."
The evidence in this case shows that the assessments under the board were made by all three members, and the appointing officer was aware of this procedure. Under the present ordinance, the duties of the office rest with one person. In municipal government, the difference between a board of assessments and an assessor is such a major one it needs no definition.
The board was abolished and the terms of office of its members expired with it. The City of Camden abolished the board and the office held by the plaintiff. The statute has a proviso that "nothing in this section shall be construed to abolish the office or terminate the term of office of * * * any official or employee now protected by any tenure of office law. * * *" The new government was legally empowered to vest the division of assessments in a city assessor and did so by ordinance.
The rule that statutes protecting the tenure of office of veterans of the Army and Navy do not prevent the abolition of their offices is recognized. Moresh v. Board of Education of Bayonne, 52 N.J. Super. 105 (App. Div. 1958). In the instant case there was not even a suggestion that the action of the mayor and council was for the purpose of terminating the services of the holder of such office or position. R.S. 38:16-3. They were, at the change of government, "carrying into effect" "those changes in the administration of public affairs which past experience or new conditions demonstrate are necessary for the public welfare." Maxwell v. Board of Com'rs Wildwood, 111 N.J.L. 181, 186 (Sup. Ct. 1933), affirmed 113 N.J.L. 404 (E. & A. 1934).
*69 The plaintiff's contention that he had acquired tenure will be reviewed and the statutes relevant to this issue analyzed. It was stipulated that the board of commissioners of the City of Camden adopted resolutions dated June 27, 1929, June 26, 1930, June 11, 1931, June 9, 1932 and June 22, 1933 appointing certain persons as commissioners of the board of assessment of taxes, for a term of one year beginning July 1 of the year of the resolution and expiring June 30 of the following year. On July 12, 1934 a resolution appointed persons to the board for a term of three years beginning July 1, 1934 and expiring June 30, 1937. Maurice Clyman was appointed in 1937, and thereafter at four year intervals. Harry Langenbein was appointed in 1937 for four years, and all subsequent members to July 1961 were appointed for four years.
The City of Camden by ordinance adopted October 15, 1925, created a "Board of Assessors" consisting of one member. Thereafter, on September 27, 1928 the commissioners, by ordinance, created a "Board of Commissioners of Assessment of Taxes" to consist of three members. The defendants contend that such ordinance was to comply with R.S. 40:171-91, and the statute made the term of office run concurrently with the term of the mayor or until their successors were appointed.
A later statute, chapter 277 of the Laws of 1935, fixing the term of assessors as five years, was declared unconstitutional as special legislation.
N.J.S.A. 40:46-6.2 and 6.3, passed by the Legislature on June 16, 1938, and effective on that date, provides:
"40:46-6.2. The term of persons holding the position or office of `tax assessor' in any municipality of this State is fixed at four years. Any person now holding the position or office of `tax assessor' in any municipality of this State, and any person who may be hereafter appointed to, or elected to the position or office of `tax assessor' in any municipality of this State, shall hold their said office for a term of four years from the first day of July next following said election or appointment. These provisions shall apply to all tax assessors now holding office, and their four year term shall be *70 calculated as commencing on the first day of July of the year in which they were elected or appointed.
The foregoing provisions of this paragraph shall not apply to the term of any `tax assessor' whose successor has already been properly appointed or elected, and awaits the assumption of the duties of such position; but the foregoing provisions shall apply to such successor."
"40:46-6.3. The term `tax assessor' as used in this act shall be construed to mean and include assessors, members of the boards of assessors, and all other persons charged with the duty of assessing real and personal property for taxation in each municipality of this State, and this act shall be construed and applied to include tax assessors in all municipalities of this State, irrespective of the form of government under which such municipalities may operate. The provisions of this act shall not affect or apply to any person now holding or who may hereafter hold the office of commissioner of assessment of taxes, which commissioner may now or hereafter have tenure of office as provided in sections 40:171-105 and 40:171-106 of the Revised Statutes."
The tenure of office exception in this statute is not applicable as it is stipulated that the population of the City of Camden has never reached 135,000.
The plaintiff at the trial attacked the validity of this statute and contended that he had acquired tenure by reason of his appointment over five months prior to the adoption of the statute.
The Legislature in N.J.S.A. 40:46-6.2, cited supra, fixed the term of the plaintiff's appointment as four years, and the statute specifically includes plaintiff, who was appointed in January of the same year. "These provisions shall apply to all tax assessors now holding office, and their four year term shall be calculated as commencing on the first day of July of the year in which they were elected or appointed." The Legislature corrected the errors of the 1935 statute and passed this general legislation, which continues in force. The City of Camden has recognized this statute as to all appointments of assessors since 1938, including those of Clyman and Langenbein, who were the original members of the board at the time of plaintiff's appointment. The plaintiff ignored the provision of the *71 statute which fixed his term of office, and continued in office without further appointment.
At the time of plaintiff's appointment there was a statutory term of office for an assessor, and some term of office for that position continued until the time of his dismissal. He acquired no right of tenure either by appointment without term or by ratification by the city in continuing to accept his services and paying him, when the law required the appointment for a definite term.
"If a definite term of the veteran's office or employment has been legislatively fixed by statute, or must be fixed in accordance with statutory direction, or has been fixed in accordance with statutory delegation, then the tenure provisions are inapplicable." DeVita v. Housing Authority of the City of Paterson, 17 N.J. 350, 355 (1955).
The plaintiff did not have tenure in office as an assessor and the office he held was abolished. The action of the plaintiff is dismissed.