121 N.J. Super. 314 (1972)
297 A.2d 5
JOSEPH S. INDYK, INDIVIDUALLY AND AS MAYOR OF THE TOWNSHIP OF MONROE, PATRICK GIBBONS, INDIVIDUALLY AND AS COUNCILMAN OF THE TOWNSHIP OF MONROE, AND THE CITIZENS OF THE TOWNSHIP OF MONROE, A MUNICIPAL CORPORATION OF NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
JOHN KLINK, WINSTON, NOBLE, GEORGE O'CARROLL AND JAMES McCORMACK, INDIVIDUALLY AND AS COUNCILMEN OF THE TOWNSHIP OF MONROE, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 10, 1972.
Decided November 17, 1972.
*316 Before Judges LORA, ALLCORN and MEHLER.
Mr. Jacques S. Lederman argued the cause for the appellants.
Mr. William C. Moran, Jr. argued the cause for the respondents.
PER CURIAM.
By referendum pursuant to the Optional Municipal Charter Law (N.J.S.A. 40:69A-1 et seq.), the citizens of Monroe Township, Middlesex County, on April 6, 1971 adopted the mayor-council plan F (N.J.S.A. 40:69A-74 to 80, inclusive) as the form of their municipal government. The new form of government became effective January 1, 1972, following election of a mayor and members of the council at the general election held November 2, 1971, N.J.S.A. 40:69A-205.
Thereafter, the council adopted an administrative code  "An ordinance to provide for the organization and administration *317 of the government of the Township of Monroe * * *" Section 5.1 of said ordinance provided as follows:

ARTICLE FIVE

ORGANIZATION AND ADMINISTRATION GENERALLY
Section 5.1  Organization Generally.
Except for the offices or terms of office listed in N.J.S.A. 40:69A-207 all offices or terms of office of any Township employee or agency member are hereby abolished as of 12 o'clock noon on January 1, 1972. Thereafter the Township government shall be comprised, in addition to the Council and Municipal Court, of the following departments, division, bureaus and offices:
(a) Office of the Mayor
(b) Office of the Township Clerk
(c) Department of Administration
(d) Department of Finance
(e) Department of Police
(f) Department of Public Works
(g) Department of Health and Welfare
(h) The respective divisions, bureaus and offices into which such departments are divided pursuant to this code.
(i) The various allied or independent agencies of local government provided pursuant to the charter or general law
(j) Office of the Township Attorney
(k) Office of the Township Engineer.
The ordinance further provided as to the appointment of the township attorney and township engineer:

Section 13.1 Township Attorney.

A Township Attorney shall be appointed by the Council for a term of one year or until his successor has been appointed and qualified.

* * *
Section 14.1 A Township Engineer shall be appointed by the Council for a term of three years or until his successor has been appointed and qualified. He shall be a licensed Professional Engineer.
The present action was commenced by the mayor and one member of the council against the four remaining members of the council, seeking a declaratory judgment that sections 5.1, 13.1 and 14.1 of the administrative code of the township are invalid. In substance, plaintiffs charged that the cited sections violate the Optional Municipal Charter Law *318 by failing to assign the functions, powers and duties of each of the offices of township attorney and township engineer to a specific department of the municipal government, and by empowering the municipal council to appoint each of said officials.
On motion of defendants the trial court granted summary judgment in their favor, finding valid the questioned sections of the ordinance and dismissing the complaint. Plaintiffs appeal from said judgment.
The provisions of the Optional Municipal Charter Law governing the administration of the various powers, functions and duties of the municipal government, their distribution among various departments, and the appointment and removal of the personnel who are charged with their administration in the several mayor-council plans under that law, are found in N.J.S.A. 40:69A-43.[1] In pertinent part, that section sets forth (N.J.S.A. 40:69A-43):
(a) The municipality shall have a department of administration and such other departments, not exceeding 9 in number, as council may establish by ordinance. All of the administrative functions, powers and duties of the municipality, other than those vested in the office of the municipal clerk, shall be allocated and assigned among and within such departments.
(b) Each department shall be headed by a director, who shall be appointed by the mayor with the advice and consent of the council. Each department head shall serve during the term of office of the mayor appointing him, and until the appointment and qualification of his successor."

* * *
(d) Department heads shall appoint subordinate officers and employees within their respective departments and may, with approval of the mayor, remove such officers and employees subject to the provisions of the Revised Statutes, Title 11, Civil Service, where that Title is effective in the municipality, or other general law; provided, however, that council may provide by ordinance for the appointment and removal of specific boards or commissions by the mayor.
*319 The language of the foregoing subsections is clear and unambiguous, and its meaning plain. It requires all of the administrative functions, powers and duties of the municipality to be assigned and distributed among and within such administrative departments as shall be created and established by the governing body by ordinance. Specific provision likewise is made for the appointment of the officers and employees to whom are delegated the performance of such functions. Expressly excepted therefrom are the functions of only the municipal clerk, whose appointment and duties are dealt with separately, N.J.S.A. 40:69A-38.
Both the municipal attorney and the municipal engineer are engaged in the performance of administrative functions of the municipality. Each is charged with the administration of such of the powers, functions and duties in the management and operation of the business and affairs of the municipality as have ben entrusted to him by law.
Contrary to defendants' contention, neither the circumstance that the services rendered by each are professional in nature, nor the fact that in the performance of their respective duties each may be called upon to counsel or to assist the governing body or other municipal agencies and officials in the exercise by the latter of their respective legislative, judicial or executive functions and duties, renders the attorney or the engineer any more or any less an administrative official of the municipality. They are not thereby converted, somehow, to officials who themselves exercise the legislative, judicial or executive functions and duties of the bodies or officials they counsel and advise. Thus, when the municipal attorney drafts an ordinance or resolution for action by the governing body, he is not exercising "a legislative function" as defendants suggest  any more than does the engineer perform a legislative function when he prepares technical specifications for inclusion in an improvement ordinance or in a resolution advertising for bids.
In any event, the mere fact that a municipal official or agency may be charged with the performance of certain *320 functions that may be characterized as legislative or judicial (or quasi-legislative or quasi-judicial) does not necessarily render them nonadministrative. The officer or agency still is performing his or its functions and duties and, in so doing, is acting administratively. See generally, Handlon v. Belleville, 4 N.J. 99, 104-105 (1950).
In short, the powers, duties and functions exercised by a municipal attorney and a municipal engineer, specifically as delegated by sections 13.3 and 14.2 of the ordinance here challenged, as well as generally, are plainly administrative within the meaning and intent of N.J.S.A. 40:69A-43(a). As such, they are required by said subsection to "be allocated and assigned among and within" one of the departments created for the administration and operation of the municipal government. Id. It necessarily follows that the power to appoint either of said officials does not reside in the council, N.J.S.A. 40:69A-43 (b) and (d). Compare, Hutt v. Robbins, 98 N.J. Super. 99 (App. Div. 1967), certif. den. 51 N.J. 185 (1968).
Additional evidence of the intent of the Legislature in this regard is found in the provisions of the Optional Municipal Charter Law relating to the mayor-council plans for small municipalities (having populations of less than 12,000 persons). Because of the size of these municipalities, the creation of separate departments to administer the various municipal functions was left to the discretion of the governing body, and the designation of the various administrative officials is specifically delegated to the mayor by the terms of the controlling statute. Thus, N.J.S.A. 40:69A-122 expressly provides that "An assessor, a tax collector, an attorney, a clerk, a treasurer and such other officers as may be provided by ordinance shall be appointed by the mayor with the advice and consent of the council."
We conclude, therefore, that the questioned sections of the ordinance are ultra vires the council insofar as they failed to assign the powers, functions and duties of the town attorney and town engineer to the appropriate departments, *321 and insofar as they empowered the council to appoint each of said officials.
This interpretation is dispositive of the remaining contention of defendants. To the extent that sections 139 and 140 of N.J.S.A. 40A:9 authorize the municipal governing body to provide by ordinance for the appointment of a municipal attorney and a municipal engineer in a manner and for terms other than as directed and permitted by N.J.S.A. 40:69A-43, they conflict and are inconsistent with the latter. In such circumstances, the provisions of the Optional Municipal Charter Law are controlling, despite the fact that N.J.S.A. 40A:9-139 and 140 were enacted in 1971, long after the adoption of the Optional Municipal Charter Law. N.J.S.A. 40:69A-26, 28 and 29; Broadway Nat'l Bank, Bayonne v. Parking Authority, Bayonne, 40 N.J. 227 (1963).
Accordingly, the judgment of the Chancery Division is reversed and the cause is remanded for the entry of judgment in favor of plaintiffs.
NOTES
[1] This section is not applicable to a municipality adopting any of the small-municipality mayor-council plans, N.J.S.A. 40:69A-115 through 149.