DONALD ADAMS, PLAINTIFF-RESPONDENT, v. JOHN GOLDNER, THOMAS HIGHTON, DIRECTOR OF THE DEPARTMENT OF PUBLIC SAFETY, HARRISON C. HULTMAN, DIRECTOR OF THE DEPARTMENT OF REVENUE AND FINANCE, ROBERT McKECHNIC, SUPERVISOR OF ACCOUNTS, ALL OF THE CITY OF UNION CITY, AND THE CITY OF UNION CITY, A MUNICIPAL CORPORATION, DEFENDANTS-APPELLANTS.

Argued November 28, 1978—Decided February 1, 1979.

Mr. *Robert L. Garibaldi* argued the cause for appellants (Messrs. *Burke, Sheridan and Hourigan* and Mr. *Edward J. Lynch,* attorneys).

Mr. *Victor P. Mullica* argued the cause for respondent.

The opinion of the court was delivered by

SULLIVAN, J. This appeal involves the validity of the promotion appointment of defendant John Goldner to the position of police sergeant in the Union City Police Department. Plaintiff Donald Adams, a resident, citizen and taxpayer of the City of Union City, filed the instant suit challenging Goldner's appointment on the ground that, at the time it was made, no vacancy existed in the position. The facts are not disputed.

The Union City ordinance establishing a police department provides, *inter alia,* for a complement of 16 sergeants. Prior to June 1976, the complement was full and included Sergeant Kenneth Roberts. In the latter part of 1975, disciplinary charges, serious in nature, were filed against Roberts. Following a departmental hearing, Roberts was dismissed from the police department effective June 4, 1976. He appealed his dismissal to the Civil Service Commission. See *N. J. S. A.* 11:22–38 and –39; *N. J. A. C.* 4:1–16.10.

While Roberts' Civil Service appeal was pending, and on January 3, 1977, the Director of the Department of Public Safety of Union City appointed patrolman John Goldner to fill the "vacancy." The appointment was made from a civil service list which expired shortly thereafter. The appointment purported to be permanent in character. However, it contained the proviso that if Roberts were successful in obtaining reinstatement, "you will be relegated back to the position of patrolman."

The instant taxpayer suit challenging the appointment was filed February 17, 1977. Following the submission of answers and supporting affidavits the trial judge, on March 22, 1977, entered judgment dismissing the complaint. He ruled that until Civil Service or a court determined that Roberts' dismissal was improper, the municipal action must be presumed to be correct. He therefore held that a legal vacancy existed. Plaintiff appealed to the Appellate Division and, while the appeal was pending, on June 21, 1977, Civil Service affirmed Roberts' dismissal.

The Appellate Division reversed the trial court in an opinion reported at 156 *N. J. Super.* 299 (1978). It held that, at the time Goldner was appointed, no vacancy existed in the office of sergeant. Certification was granted by this Court. 77 *N. J.* 492 (1978). We affirm.

The Civil Service Act provides in *N. J. S. A.* 11:22–38 that a person holding a permanent position in the classified service may be removed or discharged by the appointing authority (for just cause) but that the action of the appointing authority ordering or directing such removal or discharge "shall not take effect until approved by order of the commission."

The statutory language is clear. Roberts' dismissal did not "take effect" until it was approved by Civil Service. Goldner's appointment, made more than six months prior to the Civil Service ruling on Roberts' appeal, was therefore invalid since no vacancy then existed in the office of sergeant.

Defendants argue that although Civil Service did not approve Roberts' dismissal until June 21, 1977, that action had the effect of validating the dismissal as of June 4, 1976, the date of the action taken by the appointing authority. Thus, it is contended that legally a vacancy existed in January 1977 when Goldner was appointed. However, to construe the statute in this manner would mean that the Goldner appointment might or might not have been valid, and was in some kind of limbo, pending Civil Service action on Roberts' dismissal. Such a construction could also present difficult questions of eligibility and priority should a bona fide vacancy occur in the position of sergeant and another appointment have to be made from the same list while a matter, similar to the one before us, was pending before Civil Service.

We read the legislative purpose as expressed in *N. J. S. A.* 11:22–38 to be that when a person holding a permanent position in the classified service is removed or discharged by the appointing authority and there is an appeal, no vacancy exists to which a permanent appointment can be

made until Civil Service approves the removal or discharge. In the interim, a temporary emergency appointment, pursuant to *N. J. S. A.* 11:22–14 and –15 or *N. J. S. A.* 40A:14–122, can fill the need for the maintenance of essential governmental services.

■ While we hold the Goldner appointment to be invalid, we agree with the Appellate Division that during the period he served as sergeant, and in the absence of any indication of bad faith, dishonesty or fraud on his part, he is entitled to the compensation provided by law for such services. See *N. J. S. A.* 40A:9–6.

Affirmed.

*For affirmance*—Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*For reversal*—None.