178 N.J. Super. 163 (1981)
428 A.2d 536
JOHN F. DONATO, M.D., PLAINTIFF-APPELLANT,
v.
KENNETH A. GIBSON, MAYOR, NEWARK MUNICIPAL COUNCIL AND THE CITY OF NEWARK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 25, 1980.
Decided March 25, 1981.
*165 Before Judges BOTTER, KING and McELROY.
John F. Donato, pro se, argued the cause for appellant.
Kathleen C. Goger argued the cause for respondent (Salvatore Perillo, Corporation Counsel, City of Newark, attorney, and on the brief).
The opinion of the court was delivered by McELROY, J.A.D.
Plaintiff-appellant John F. Donato, M.D., a taxpayer and citizen of the City of Newark, on August 14, 1979 obtained an order to show cause seeking to enjoin the mayor and municipal council of the City of Newark from implementing a salary ordinance passed August 8, 1979 and effective August 31, 1979. This ordinance raised the salaries of the mayor and members of the council. Defendants-respondents in turn moved to dismiss plaintiff's verified complaint and the matter came on for hearing in the court below on August 23, 1979. The trial judges, in an oral decision, directed that the complaint be dismissed and the order to show cause discharged. Thus, plaintiff brings this appeal.
Dr. Donato's primary contention here and in the trial court was that the salary ordinance was improperly passed because a referendum held on November 7, 1978, pursuant to N.J.S.A. 40A:9-165, resulted in a voters' rejection of prior salary increases. He contends that N.J.S.A. 40A:9-165 and N.J.S.A. 40A:9-167 and 168 must be read together, and that when they are, the voter rejection of November 7, 1978 prohibited any salary increases for defendants for a period of two years following the date of such vote.
The underlying facts are not in dispute. On July 12, 1978 the municipal council passed a package of 13 ordinances increasing salaries for officers and other employees of the city, including defendants. Pursuant to N.J.S.A. 40A:9-165 a petition was filed which was signed, as required by § 165, by at least 5% of *166 the registered voters protesting the salary increases. In accordance with the requirements of that statute, the question of such salary increases was submitted by proposition to the electorate at the general election of November 7, 1978 and received a negative majority vote. As a result the 1978 ordinances were rendered ineffective.
On August 8, 1979 the city council, by a vote of five to four, passed the ordinance here challenged. Dr. Donato attended the public meeting on that date and objected to its passage. Plaintiff, as indicated above, sought relief by complaint and order to show cause filed August 14, 1979 and heard and decided August 23, 1979. The trial judge, with commendable zeal, moved this matter rapidly in order to give plaintiff the opportunity to secure, within 20 days of the passage of the ordinance, a petition signed by 5% of the registered voters in the event he wanted to challenge the ordinance under N.J.S.A. 40A:9-165. Despite the adverse ruling below, plaintiff did not seek that avenue of relief.
Appellant's primary contention is that the August 1979 ordinance was improperly passed because the referendum result of November 7, 1978 constituted, under N.J.S.A. 40A:9-167, a two-year bar against attempts to increase salaries. He arrives at this assertion by a reading of N.J.S.A. 40A:9-165 in connection with N.J.S.A. 40A:9-167 and 168. These statutes, which specifically provide the procedure of initiative and referendum to test salary ordinances, are the exclusive vehicle for such procedures and take precedence over the general referendum provisions of N.J.S.A. 40:69A-184 et seq. Lawrence v. Butcher, 130 N.J. Super. 209 (App.Div. 1974).
N.J.S.A. 40A:9-165, in its first paragraph empowers the governing body of a municipality by ordinance to fix and determine the salary of its mayor, or other chief executive, members of the governing body and officers and employees. Its second paragraph reads as follows:
Where any such ordinance shall provide for increases in salaries, wages or compensation of elective officials or any managerial executive or confidential employee, the ordinance or that portion thereof which provides an increase for *167 such elective or appointive officials, shall become operative in 20 days after the publication thereof, after final passage, unless within said 20 days, a petition, signed by voters of such municipality, equal in number to at least 5% of the registered voters of the municipality, protesting against the passage of such ordinance, be presented to the governing body, in which case such ordinance shall remain inoperative unless and until a proposition for the ratification thereof shall be adopted at an election by a majority of the voters voting on said proposition. The question shall be submitted at the next general election, occurring not less than 40 days from the date of the certification of the petition. The submission of the question to the voters shall be governed by the provisions of Title 19 (Elections) of the Revised Statutes, as in the case of public questions to be voted upon in a single municipality.
N.J.S.A. 40A:9-167 in part provides:
When the governing body of any municipality shall be required by petition to submit to the voters proposed increases in salaries, wages or compensation or if the governing body shall deem it advisable to have a referendum in respect to the salaries of its members, or any other elective official, or any managerial executive or confidential employee, the governing body shall adopt an ordinance definitely fixing such salaries and the operative date. Where any such ordinance provides for salary increases, they may be made to take effect on a specified date or apportioned to be effective on different specified dates during a period not to exceed 3 years. Any such ordinance may be adopted notwithstanding a prior referendum in respect to salaries, wages or compensation.
The second, third and fourth paragraphs of this section prescribe the manner in which the question is placed on the ballot and the form in which the question will be drawn. The fifth paragraph provides that a majority "yes" vote is required to make the adopted ordinance effective and also provides that "the referendum vote shall be binding during the period of 2 years following such vote."
N.J.S.A. 40A:9-168 provides:
If there shall be submitted to the governing body of any municipality a petition signed by not less than 10% of the registered voters of the municipality, requesting the submission to the legal voters of the municipality the question of fixing the salaries, wages or compensation of the members of the governing body or other elective officials, or any managerial executive or confidential employee of said municipality in the amounts stated in the petition, the governing body shall cause the question to be submitted to the legal voters of the municipality at the next general election occurring more than 40 days after the submission of the petition to the governing body.
The result of the vote shall be binding upon the municipality for the following 2 years.
Nothing contained in this section shall be deemed to preclude a referendum vote upon an ordinance increasing salaries, wages or compensation by law.
*168 Appellant insists that § 167 implements § 165 and that its provision that the referendum vote has binding effect for two years must be read into any referendum vote had under § 165. We disagree. The question raised is not novel in this state. Under similar facts Judge Bilder, in Lettieri v. Bayonne, 168 N.J. Super. 423 (Law Div. 1979), decided this issue contrary to appellant's contention. He stated:
The initial question therefore becomes one as to whether the bars of § 167 and/or § 168 relate in any way to § 165. From a close examination of these statutes, I conclude they do not. Section 165 stands as a unitary whole and has nothing to do with §§ 167 and 168. Conversely, the provisions of § 167 and § 168, although related inter se, do not relate to § 165.
In construing the statute one must look to its internal sense. See Loboda v. Clark Tp., 40 N.J. 424, 435 (1963). Following this course, one may ask two questions: is there anything missing from § 165 which is supplied by § 167; is there anything in § 167 which would make the reading of § 165 together with § 167 inconsistent? As will be demonstrated, the answer is that § 165 requires nothing from § 167 and that the provisions of § 167 are inconsistent with a reading of § 165.
First, it should be noted that with respect to its referendum provisions, § 165 is complete. It provides that the increase becomes operative 20 days after publication after final passage unless within that time a referendum petition is filed. If the referendum petition is filed, then the operative date is postponed until the raise has been ratified by a majority of the voters. The submission of the referendum question is governed by those provisions in Title 19 of the Revised Statutes having to do with public questions to be voted upon within a single municipality. Thus, within the statute is contained the operative dates, the method of submission to the voters, and the resulting consequences thereof.
An examination of § 167 shows that it also contains many of the elements of § 165, although the provisions thereof (for the good reason that they relate to a different subject matter) are inconsistent with § 165. Thus, for example, a salary increase may be made to take effect on a specified date as opposed to the 20-day provision in § 165. And the provision for referendum vote, including the very question to be asked, is covered by § 167 rather than N.J.S.A. 19:3-6.
Because of the inner unity of § 165 and by contrast, the inconsistencies which would result from trying to put § 165 together with § 167, I conclude that the referendum required by petition referred to in § 167 relates to a § 168 petition and not to a § 165 petition. This inevitably leads to the conclusion that the rejection of the salary increase as the result of the referendum vote of November 7, 1978 is not a bar to the adoption of a new salary ordinance in March of 1979.
We find this reasoning persuasive and endorse it. We observe an additional striking difference between §§ 165 and *169 167 which, in our view, clearly illustrates legislative intent that the procedures prescribed in these sections are not connected and that the petition referred to in § 167 is not a § 165 petition. The petition contemplated by § 167 is one that precedes the adoption of a salary ordinance. The petition referred to in § 167 must be that provided in § 168. The petition referred to in § 165 is used to challenge a salary ordinance already passed, and the operative date is not fixed by the ordinance itself but rather is set by the statute to occur 20 days after passage of the ordinance unless a petition, signed by at least 5% of the registered voters of the municipality, is by way of protest presented to the governing body within that 20-day period.
Since the provision that a referendum vote, whether affirmative or negative, shall bind the governing body and the citizenry was specifically included in both §§ 167 and 168 but omitted from § 165, we must assume the omission was deliberate. The intent is that where the electorate seeks by petition to set salaries, or where the governing body wishes the electorate to approve or reject by referendum its ordinance fixing salaries, such proceedings can only occur every two years. Under § 165, however, the governing body is empowered to "fix and determine" salaries at any time and where the resulting ordinance "shall provide for increases in salaries ... the ordinance or that portion thereof which provides for an increase" is effective within 20 days unless protested by the petition of 5% of the registered voters within that time. Clearly, an increase could not be attempted within two years after a referendum fixed salaries under §§ 167 and 168. Where as here, however, the only preceding referendum was one brought under § 165, no such time limit was desired by the Legislature. The governing body may in such circumstances increase when and as it desires, but such increase may be protested each time by 5% of the electorate and defeated or approved by a majority thereof.
Appellant also contends that the procedure used here in passing this ordinance was violative of the Open Public Meeting *170 Act, N.J.S.A. 10:4-7 et seq. That act declares as its purpose an intent that "citizens have adequate advance notice of and the right to attend all meetings of public bodies at which any business affecting the public is discussed or acted upon...." In N.J.S.A. 10:4-8 d adequate notice is defined as "written advance notice of at least 48 hours, giving the time, date, location and to the extent known, the agenda of any regular, special or rescheduled meeting." On December 12, 1978, in accordance with statutory requirements, the municipality sent notice to two newspapers in the area of its jurisdiction of its schedule of regular meetings for the ensuing year, including notice of the July 11 and August 8, 1979 meetings, when this ordinance was read and discussed. On January 1, 1979 this list was posted on the bulletin board at City Hall. On July 2, 1979 the agenda for the July 11, 1979 meeting was published and posted in the same manner. The agenda did not include the ordinance in question because it was one of a number of matters presented subsequent to the printing of the agenda and at the meeting itself. The ordinance was, however, published on July 14, 1979, and on August 2, 1979 was on the printed agenda for the August 8 meeting published and posted in the usual manner. It is clear that appellant received adequate notice and raised his challenge in due time. While we do not condone the placement of ordinances of this type on agenda at the last minute, the trial judge found no intent to mislead or to violate the act in question. Crifasi v. Oakland, 156 N.J. Super. 182, 186-187 (App. Div. 1978); Cf. La Fronz v. Weekawkin Bd. of Ed., 164 N.J. Super. 5, 7 (App.Div. 1978). We see no basis to disturb this finding. State v. Johnson, 42 N.J. 146, 162 (1964).
Appellant contends that the ordinance in question was an appropriation bill which, under Revised Ordinances of Newark 2:15-1, Rule XXII(e), requires six affirmative votes. He contends that the passage of this ordinance by a five to four vote is invalid. We disagree. At the hearing below plaintiff called as a witness Michael Banitsky, the supervising budget examiner in the Budget Division of the City of Newark. His testimony *171 reveals that the Newark budget at the time in question had a line item designated as "Municipal Salary Increases" which contained money sufficient to fund these salary increases. On the evidence presented the trial judge found that sufficient funds had already been appropriated for this purpose. We see no ground for reversal on this issue.
The judgment entered below is affirmed. State v. Johnson, supra.