182 N.J. Super. 117 (1981)
440 A.2d 72
DAVID S. MYERS, JR., PLAINTIFF,
v.
EVA M. WORRICK, CLERK, TOWNSHIP OF CHERRY HILL, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County.
Decided October 5, 1981.
*119 Morton Feldman for plaintiff.
Ralph Kmiec for defendant pro se.
Michael Varbalow for Eva M. Worrick and all other defendants (Jubanyik, Varbalow & Tedesco, attorneys).
LOWENGRUB, J.S.C.
This opinion supplements an oral opinion rendered on September 21, 1981. It treats an issue not before decided in this State.
The form of municipal government of the Township of Cherry Hill changed on July 1, 1981 from Council-Manager to Mayor-Council *120 Plan B under the Faulkner Act, N.J.S.A. 40:69A-1 et seq. At the first organizational meeting under the new form of government a general ordinance fixing the salaries of all township employees, including the mayor, council president and council members was adopted. Those salaries are larger than the salaries of the mayor and council members under the prior form of government. Plaintiff seeks a referendum to have the voters approve or reject those salaries. Plaintiff additionally argues that the compensation of the municipal attorney must be fixed by ordinance and not by resolution.
Plaintiff, pro se, filed a complaint in lieu of prerogative writs to compel the Cherry Hill Township Clerk to include on the November 3, 1981 ballot a referendum concerning the salaries of the mayor, president of council, council members and municipal attorney as they were fixed in Ordinance 81-42, adopted July 13, 1981. Plaintiff's petitions were alleged to include a total of 5% of the registered voters of the township, as required under N.J.S.A. 40A:9-165.
Petitions were submitted by plaintiff on August 4 and 5, 1981. On August 24, 1981 the clerk invalidated a number of signatures under § 165 of 40A:9.
On August 26, 1981 Cherry Hill Ordinances 81-49, 81-50, 81-51 and 81-52 were adopted. Ordinance 81-49 is a general salary ordinance fixing the compensation of officers and employees of Cherry Hill and is virtually the same as Ordinance 81-42 except it excludes from its terms the salaries of mayor, president of council and council members. Ordinance 81-50 fixes the compensation of the mayor for 1981 at $34,200, thereby reducing it by 10% of the amount fixed by Ordinance 81-42.
Ordinance 81-51 fixes the compensation of the president of council for 1981 at $9,500, reducing by $1,500 the salary provided for in Ordinance 81-42.
Ordinance 81-52 fixes the compensation of council members for 1981 at $9,000, reducing their compensation by $1,000 from the original ordinance.
*121 At oral argument plaintiff urged that, consistent with the liberality afforded to the electorate to protest the actions of government through the process of referendum, the procedure under N.J.S.A. 40A:X-XXX-XXX is supportive of allowing the referendum challenging the salary ordinance, if in fact, N.J.S.A. 40A:9-165 is not viable.

Validity of Petitions Filed
N.J.S.A. 40A:9-165 provides the referendum procedure to test salary ordinances where an increase in salary for an elective official or a managerial executive or confidential employee is in issue. It is in those instances the exclusive vehicle therefor and it pre-empts the Faulkner Act's general referendum provisions. N.J.S.A. 40:69A-184 et seq.; Laurence v. Butcher, 130 N.J. Super. 209 (App.Div. 1974); Donato v. Gibson, 178 N.J. Super. 163 (App.Div. 1981).
Under § 165 if there is a challenge by referendum to the salary ordinance providing for the increase in salary, the ordinance remains inoperative unless and until a proposition for the ratification thereof shall be adopted by a majority of the voters voting on said proposition at the next general election.
Before invoking the referendum provision of § 165 a determination must be made whether the salaries provided for in Ordinances 81-50, 81-51 and 81-52 are increases in salaries of the mayor, president of council and council members because they were officials elected after the form of government was changed from Council-Manager to Mayor-Council Plan B. The issue not before resolved in this State when salaries fixed under the Mayor-Council Plan B form of government are greater than those theretofore paid to persons holding office as mayor or council members under the Council-Manager form of government, is whether an increment in salary paid to the newly elected mayor and council members is an "increase" in salary as used in N.J.S.A. 40A:9-165.
§ 207 of the Faulkner Act provides:

*122 At 12 o'clock noon on the effective date of an optional plan adopted pursuant to this act, all offices then existing in such municipality shall be abolished and the terms of all elected and appointed officers shall immediately cease and determine; .... [N.J.S.A. 40:69A-207]
As stated in Downey v. Jersey City Bd. of Ed., 74 N.J. Super. 548 (App.Div. 1962), "The plain and all-pervading intent of the Faulkner Act is to give a municipality which adopts one of its optional plans a new broom." [At 554]. See also McCartney v. Franco, 87 N.J. Super. 292 (App.Div. 1965).
The exceptions to the clean slate of personnel provided by § 207 are that the office or term of office of members of certain boards and commissions and the term of officials and employees protected by any tenure of office law are preserved, Beirne v. Gangemi, 74 N.J. Super. 557 (App.Div. 1962); Dobbs v. Pierce, 76 N.J. Super. 64 (Law Div. 1962).
N.J.S.A. 40:69A-29(a) confers the power upon each municipal government by its provisions to:
... organize and regulate its internal affairs, and to establish, alter, and abolish offices, positions and employments and to define the functions, powers and duties thereof and fix their term, tenure and compensation.
Therefore, I conclude that the offices of the municipal officials including the mayor and council members under the council-manager form of government ceased and determined at 12 noon or July 1, 1981 when the Mayor-Council Plan B form of government became effective. The offices of mayor, council president and council members were newly created in the organizational Ordinance 81-41 adopted July 13, 1981, and the terms of the officers elected to fill those positions under the Mayor-Council Plan B became operative on July 1, 1981. The salaries provided for the positions of mayor, president of council and council members were at that time original salaries as provided in Ordinance 81-42.
The increase in salary referred to in § 165 refers to a salary increment to the holder of an existing office during the existence of that office under the existing form of government and not as a comparative of salaries between offices under varying forms of government.
*123 I therefore conclude that the referendum portion of N.J.S.A. 40A:9-165 is not applicable to the facts herein. The signatures on the petitions filed are not sufficient in number to put the question concerning the salaries for the mayor, president of council and council members on the November 3, 1981 ballot. See Stop the Pay Hikes Committee v. Irvington, 166 N.J. Super. 197 (Law Div. 1979) aff'd 170 N.J. Super. 393 (App.Div. 1979).
Petitioners are not without the right to referendum. They are, however, compelled to use the referendum procedure provided for by the Legislature. See N.J.S.A. 40A:X-XXX-XXX et seq., Laurence v. Butcher, et al., 130 N.J. Super. 209 (App.Div. 1974), Donato v. Gibson, et als, 178 N.J. Super. 163 (App.Div.).

Compensation of Municipal Attorney
The organizational ordinance for the government of Cherry Hill, Ordinance 81-41, introduced July 1, 1981, and adopted July 13, 1981 provides in Art. VII, § 7.1, for the creation of a Department of Law, "the Director of which shall have the title of Municipal Attorney." His duties are specified and provide that he is the appointing attorney for all division heads within the Department of Law, and that the municipal attorney shall:
7.2(a) Serve as the legal advisor to the council and mayor in all township business;
(b) draft necessary legal documents for and on behalf of the Township;
(c) represent the Township in all judicial and administrative proceedings except as otherwise provided.
By letter dated July 1, 1981 Mayor Greenwald named Ralph Kmiec as Director of the Department of Law of Cherry Hill. On that date council passed Resolution 81-7-2 consenting to that appointment. The procedure for the appointment was in accordance with N.J.S.A. 40:69A-49 as it incorporates N.J.S.A. 40:69A-43(b). See Indyk v. Klink, 121 N.J. Super. 314 (App. Div. 1972).
On July 13, 1981, by Resolution 81-7-43, council authorized and directed the mayor, council president and township clerk to *124 execute an agreement with Kmiec, as municipal attorney, for a term of one year, commencing July 1, 1981, at a rate of compensation of $60 an hour for a maximum of $65,000 a year, subject to appropriate budgetary appropriations for the years 1981-1982. A contract consistent in terms with the resolution was executed July 14, 1981.
Plaintiff alleges that the resolution for the compensation of Kmiec as municipal attorney is invalid because his compensation should have been fixed by ordinance, not by resolution. I agree.
Defendant Kmiec argues that since N.J.S.A. 40A:9-140, which provides that the appointment and compensation of the municipal engineer be by ordinance, that § 139, which provides only the appointment of municipal attorney be by ordinance, and that since it is silent as to the fixing of his compensation by ordinance, the compensation can be authorized by a resolution of the township council. He urges that the two statutes were passed at the same time and are to be read together, and if the Legislature intended that the municipal attorney's compensation be fixed by ordinance, it would have so provided.
The Faulkner Act has no statutory provision as to the manner or method of fixing the salary or compensation of municipal employees, including its officers and members of its governing body. Faulkner Act municipalities are governed by the applicable provisions of the Faulkner Act and "by all applicable provisions of general law, subject to the transitional provisions of Art. 17 of this act." N.J.S.A. 40:69A-150-210; N.J.S.A. 40:69A-26; see N.J.S.A. 40:69A-28-29.
N.J.S.A. 40A:9-139 provides that the governing body of every municipality shall, by ordinance, provide for the appointment of a municipality attorney, and that, unless otherwise provided by law, the term of office shall be one year.
N.J.S.A. 40:69A-43(a) provides that the municipality, by ordinance, shall have a department of administration and such other departments, not to exceed nine, as council may establish. The director of each department shall be appointed by the mayor *125 with the advice and consent of council. Each department head shall serve during the term of the mayor appointing him and until the appointment of and qualification of his successor. N.J.S.A. 40:69A-43(b).
To the extent that N.J.S.A. 40A:9-139 authorizes the appointment of a municipal attorney in a manner and for a term other than as directed and permitted under N.J.S.A. 40:69A-43(b), it conflicts with and is inconsistent with the latter statute. The Faulkner Act controls. See N.J.S.A. 40:69A-26, 28, 29. Indyk v. Klink, 121 N.J. Super. 314 (App.Div. 1972).
The appointment of Kmiec was in accordance with the terms of the Faulkner Act and is a proper appointment. That, however, does not end the inquiry. Section 43 of 40:69A does not provide the procedure for fixing the compensation of the municipal attorney. Since he is a municipal employee, N.J.S.A. 40A:9-165 is the controlling legislation. Its provisions govern the method for fixing salaries of all officers and employees of municipalities; that method is by ordinance. When a statute provides that an ordinance is required, a resolution will not suffice. Howard v. Paterson, 6 N.J. 373 (1951). The resolution fixing the compensation of Kmiec as municipal attorney is invalid. Additionally, that portion of Ordinance 81-41, § 7.11, authorizing council to set the attorney's compensation by contract is in conflict with N.J.S.A. 40A:9-165 and therefore invalid.
I also find that the referendum method of contesting the salary of municipal attorneys under the procedure of N.J.S.A. 40A:9-165 is improper. The referendum provisions of that statute are limited to its terms. The municipal attorney is not an elected official, nor does his position fit the statutory definition of managerial executive or confidential employee. N.J.S.A. 34:13A-3.