975 A.2d 999 (2009)
409 N.J. Super. 1
Larry S. LOIGMAN, Esq., Joseph Mcgrath, and James J. Griffin, Plaintiffs-Respondents/ Cross-Appellants,
v.
The TOWNSHIP COMMITTEE OF the TOWNSHIP OF MIDDLETOWN, the Township of Middletown, Defendants-Respondents/ Cross-Respondents, and
Bernard M. Reilly, Esq., Defendant-Appellant/ Cross-Respondent.
DOCKET NO. A-3340-07T2.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 2009.
Decided August 5, 2009.
*1000 Bernard M. Reilly, Red Bank, appellant/cross-respondent, argued the cause pro se (Dowd & Reilly, attorneys; Mr. Reilly, on the brief).
Larry S. Loigman, Middletown, argued the cause for respondents/cross-appellants.
Respondents/Cross-Respondents Township Committee of the Township of Middletown and the Township of Middletown have not filed a brief.
Before Judges LISA, SAPP-PETERSON and ALVAREZ.
The opinion of the court was delivered by
LISA, P.J.A.D.
This appeal pertains to the method by which compensation for municipal attorneys is authorized. Middletown Township (Township) authorized as part of its salary ordinance an annual salary of $50,000 as compensation for its "Township Attorney." A codified Township ordinance prescribes the duties of the Township Attorney. It requires the handling of "all legal matters" and specifically includes representation of the Township "in any litigation." The Township appointed defendant, Bernard M. Reilly, as "Municipal Attorney" for 2007, for the $50,000 authorized in the salary ordinance. By separate resolution, the Township appointed Reilly to serve as the "Township Attorney" for 2007, to handle on behalf of the Township, among other things, "litigation matters." This appointment was made as a professional service under the Local Public Contracts Law, see N.J.S.A. 40A:11-5(1)(a)(i), at an hourly rate of $125, with a total estimated annual expenditure of approximately $295,000. These sums would be in addition to the $50,000 salary.
Plaintiffs, taxpayers and residents of the Township,[1] brought this action challenging *1001 the validity of the compensation arrangements. They contended that all compensation for the person appointed to fill the statutorily mandated position of a municipal attorney, see N.J.S.A. 40A:9-139, must be established by ordinance, see N.J.S.A. 40A:9-165.
After rejecting defendants' arguments that the complaint should be dismissed for lack of standing, laches, and failure to comply with the entire controversy doctrine, the trial court agreed with plaintiffs' position. However, on equitable grounds, the court allowed the Township to enact a corrective ordinance ratifying nunc pro tunc the compensation arrangements that had been made by resolution for the Township Attorney position. The court ordered that if such an ordinance were not adopted, Reilly would be required to refund to the Township all sums paid to him in excess of $50,000 for 2007.[2] Although it is not part of this appeal, and we have not been furnished with a copy of the ordinance, the parties have informed us that such an ordinance was adopted. We are further advised that plaintiffs (or some of them) have instituted another action in the Law Division challenging the validity of that ordinance, which has been stayed pending the outcome of this appeal.
Reilly appeals.[3] He contends that the trial court erred in rejecting his standing, laches and entire controversy doctrine arguments. On the substantive issue, he argues that the trial court erred in holding that all compensation paid to an attorney appointed as the statutorily mandated municipal attorney must be authorized by ordinance and that any sums paid to that attorney in excess of the salary set by ordinance would have to be refunded. Plaintiffs cross-appeal. They contend that Reilly's arguments are moot in light of the corrective ratifying ordinance the Township adopted. Plaintiffs further argue that the trial court erred in allowing Reilly to keep sums in excess of $50,000 paid to him by the Township for services rendered in 2007.
On Reilly's appeal, we affirm in part and reverse in part. We agree with the trial court that, under the specific structure of the Township ordinance defining the duties of the "Township Attorney," it was improper to provide by resolution for additional compensation for litigation services, because those services were embraced within the duties prescribed by ordinance. We also agree with the remedy authorized by the trial court, allowing the passage of a corrective ratifying ordinance for 2007. However, we do not agree that the remedy authorized by the trial court was the only permissible remedy. In our view, it is permissible for an attorney who serves as the statutorily mandated municipal attorney to be paid a salary for that position, and also to be paid for additional services under the authority of a resolution adopted under the professional services exception to public bidding under the Local Public Contracts Law, N.J.S.A. 40A:11-1 to -51.
In light of our determination that the remedy authorized by the trial court and *1002 implemented by defendants was appropriate under the circumstances of this case, we reject plaintiffs' cross-appeal argument that sums paid in excess of $50,000 should be disgorged and refunded to the Township. Accordingly, we affirm on the cross-appeal.
Like the trial court, we reject out-of-hand Reilly's arguments regarding standing, laches and the entire controversy doctrine. These arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).
The Township's Municipal Charter authorizes the Township Committee to appoint persons to various positions, including "Municipal Attorney." Middletown Code § C2-4. Pursuant to that authority, but using different terminology, the Township enacted an ordinance, providing that "[a] Township Attorney (or firm of attorneys) shall be appointed annually and retained by the Committee within the limits of available appropriations." Middletown Code § 4-32A. The ordinance further lists the duties of the Township Attorney as follows:
(1) Represent the township in all legal matters.

(2) Advise and assist the Committee, the Administrator and the departments as required in the administration of township government.
(3) Attend meetings of the Committee, draft ordinances and resolutions and give opinions and rulings on questions of law which may arise at Committee meetings.
(4) Prepare or approve all local instruments relating to the business of the township.
(5) Represent the township in any litigation and conduct trials, appeals and other proceedings affecting the interest of the township as he may determine to be necessary or desirable, subject to the approval of the Committee.

[Middletown Code § 4-32B (emphasis added).]
Prior to January 1, 2007, the Township solicited Requests For Proposals (RFPs), for a number of positions, including "Municipal Attorney/Township Attorney." The specifications for that proposal stated that the same person would be appointed to both positions, and the Municipal Attorney would, for a fixed salary, perform certain specified services. Those services did not refer to all legal matters and did not include litigation matters. The RFP further provided that the Township Attorney would be paid an "hourly rate plus out-of-pocket expenses for the litigation and specialized legal services" that were then outlined.
Reilly submitted the only proposal. He proposed to serve as Municipal Attorney for a $50,000 salary and to perform the services of Township Attorney at an hourly rate of $125. In a letter reviewing the submission of proposals pursuant to numerous RFPs for various positions for the upcoming year, the Township administrator recommended that Reilly be appointed in accordance with his proposal. The Township administrator noted that Reilly and his firm had been representing the Township since 1987, had performed effectively, that Reilly was well qualified for the position, that the $50,000 salary for Municipal Attorney had remained unchanged for many years and was very reasonable, and that the $125 hourly rate for services as Township Attorney was "relatively low."
At its 2007 organizational meeting, the Township adopted Resolution 07-003, appointing Reilly as Municipal Attorney for a $50,000 annual salary, and Resolution 07-002, appointing Reilly as Township Attorney, at the hourly rate of $125, with total *1003 expenditures for the year estimated at approximately $295,000.
We note that RFPs were advertised for other legal positions for the year 2007 as well. These included Municipal Bond Counsel, Special Litigation Attorney (COAH), Special Litigation Attorney (Personnel), Special Litigation Attorney (Construction), and Special Litigation Attorney. Proposals submitted under each of these categories were also reviewed by the Township administrator, who made recommendations to the Township Committee.
N.J.S.A. 40A:9-139 provides:
In every municipality the governing body, by ordinance, shall provide for the appointment of a municipal attorney who may be designated as the corporation counsel or municipal attorney and unless otherwise provided by law the term of office of the municipal attorney shall be 1 year.
N.J.S.A. 40A:9-165 provides in relevant part:
The governing body of a municipality, by ordinance, unless otherwise provided by law, shall fix and determine the salaries, wages or compensation to be paid to the officers and employees of the municipality, including the members of the governing body and the mayor or other chief executive, who by law are entitled to salaries, wages or compensation.
Salaries, wages or compensation fixed and determined by ordinance may, from time to time, be increased, decreased or altered by ordinance.
The words "unless otherwise provided by law" were added to N.J.S.A. 40A:9-165 in 1985. L. 1985, c. 374, § 10. Reilly argues for the first time on appeal that "[t]he purpose and intent of this caveat was obviously to, among other things, allow for professionals ... holding an `office' or position authorized by statute or ordinance ... to have certain compensation terms as appropriate established by a Professional Services Resolution and Contract as per the procedure prescribed by N.J.S.A. 40A:11-5(1)(a)(i)." This was not the Legislature's purpose at all.
The legislative history makes clear that the purpose was to conform to other provisions in the bill amending "various sections of the `Optional Municipal Charter Law,' P.L. 1950, c. 210 (C. 40:69A-1 et seq.) to clarify the separation of legislative and executive power in municipalities which operate under the mayor-council form of government." Assembly Municipal Government Committee, Statement to S. 1206, 1 (Dec. 13, 1984). The bill included a new section which authorized the mayor in such forms of government to set the salary, wages or other compensation of certain employees. P.L. 1950, c. 210 (C. 40:69A-1 et seq.) amended by S. 1206 Sec. 9 (Feb. 6, 1984). Accordingly, the bill "amend[ed] N.J.S.A. 40A:9-165 in order to avoid a possible conflict of laws situation between the salary-fixing provisions of the statute and the salary-fixing provisions of the bill." Assembly Municipal Government Committee, Statement, supra, at ¶ (8).
Therefore, the phrase "unless otherwise provided by law" in N.J.S.A. 40A:9-165 carved out an exception from the general requirement that compensation be set by the governing body by ordinance for certain forms of municipal government in which the mayor possessed that authority. It had nothing to do with a distinction between professional and nonprofessional officers or employees. The phrase plays no role in our interpretation and application of N.J.S.A. 40A:9-165 in this case.
Under the Local Public Contracts Law, municipalities are authorized to award contracts for professional services without public bidding. N.J.S.A. 40A:11-5(1)(a)(i). *1004 There is no dispute that the legal services implicated here qualify as professional services within the meaning of this law.
The trial court reasoned that because municipalities are required by N.J.S.A. 40A:9-139 to appoint a municipal attorney, and because municipalities are further required by N.J.S.A. 40A:9-165 to fix and determine the salaries, wages or compensation to be paid to the officers and employees of the municipality "by ordinance," that all forms of compensation paid by the Township to Reilly in 2007 were required to be authorized by ordinance. We do not agree with that broad proposition. In our view, the two methods of compensation, one setting a fixed salary by ordinance and the other authorizing a professional services contract at an hourly rate, can exist in harmony, whether the same person is appointed to both positions or whether different persons are appointed.
In several of the larger municipalities in New Jersey, local governments have found it more efficient and cost effective to hire full time in-house counsel, sometimes with a staff of assistant counsel. The legal department in these municipalities includes supporting staff, equipment, and services. The many smaller municipalities around the State, however, do not require full time legal services. These municipalities typically compensate their attorneys, either in whole or in part, on a services rendered basis, so the amount paid in public funds will accurately represent fair compensation for the services actually provided. Accordingly, these smaller municipalities hire practicing attorneys who maintain law offices and incur overhead, and who bill their municipal clients at an hourly rate. Some such municipalities have chosen a hybrid method, by which an attorney is paid a fixed annual salary for regular recurring work (such as attendance at meetings, rendering routine legal advice, preparing routine ordinances and resolutions, and the like), and is then paid at an hourly rate for additional nonrecurring services. That was the course chosen by the Township.
In either category, municipalities often engage the services of specialized outside counsel for specialized services, dealing with a variety of issues, such as environmental matters, bonded indebtedness, labor negotiations and contracts, and tax matters. Contracts for these services are properly entered into under the Local Public Contracts Law without public bidding, and are authorized by resolutions. N.J.S.A. 40A:11-4.1(i); N.J.S.A. 40A:11-5(1)(a)(i). We think it would be anomalous to hold that municipalities should be allowed to engage the services of multiple attorneys by resolution, but could not authorize the attorney they have chosen to handle their regular routine recurring work on the same basis and by the same method.
The problem in this case arises from the manner in which the Township's ordinance defines the duties of the "Township Attorney," compared to the division of duties subsequently established in Resolutions 07-002 and 07-003, and the corresponding contracts pursuant to those resolutions between the Township and Reilly. In our view, the significance of N.J.S.A. 40A:9-139 is to require that every municipality have a designated legal officer, who shall be responsible for the legal affairs of the municipality. See, e.g., Reilly v. Ozzard, 33 N.J. 529, 542-43, 166 A.2d 360 (1960) (holding that a municipal attorney, "a post created or authorized by constitution or statute for the continuous exercise of a portion of governmental power or authority" provides for a "legal adviser to a public body" and may be characterized as a municipal "officer"). Thus, the Legislature has mandated that every municipality, *1005 large and small, regardless of the volume of legal work flowing through or affecting it, must have a designated legal officer.
N.J.S.A. 40A:9-165, which provides that municipalities, by ordinance, shall determine the salaries, wages or compensation of their officers and employees, pertains to all municipal employees, most of whom do not enjoy professional status. Therefore, for them, compensation must be set by ordinance. This is typically done in an annual salary ordinance, which may prescribe salaries in a fixed amount or within a range. Indeed, if a range is prescribed, as long as the range is reasonable in scope, we have held that there is no violation of N.J.S.A. 40A:1-65 if salaries are set within the range by resolution. Shalita v. Twp. of Washington, 270 N.J.Super. 84, 89, 636 A.2d 568 (App.Div.1994).
For professional officers or employees, another method of compensation is authorized under the Local Public Contracts Law. That method allows for authorization by resolution. N.J.S.A. 40A:11-4.1(i); N.J.S.A. 40A:11-5(1)(a)(i). Professional services contracts may be awarded for a period not exceeding twelve consecutive months. N.J.S.A. 40A:11-3b. See also N.J.S.A. 40A:11-15 (providing for multi-year contracts in certain circumstances). These arrangements are typically utilized by smaller municipalities which do not engage full time counsel.
We fail to see any inconsistency in allowing a hybrid arrangement such as that followed by the Township. However, regardless of the method by which counsel is compensated, the duties for which the compensation is to be paid must be clearly defined and separated. The flaw in the Township's 2007 arrangement was that its ordinance defining the duties of "Township Attorney" covered "all legal matters," including "litigation." The $50,000 salary prescribed for the provision of those services, regardless of nomenclature, could be enlarged only by an amendatory ordinance. It was improper to dissect by resolution the services required by ordinance and to split them off for a separate contract, for additional compensation.
We are mindful of the determination in Myers v. Worrick, 182 N.J.Super. 117, 125, 440 A.2d 72 (Law Div.1981) that a resolution establishing the compensation of a municipal attorney was invalid for failure to comply with N.J.S.A. 40A:9-165. The opinion reflects that the court did not consider the professional services provision of the Local Public Contracts Law as an alternative. For the reasons we have discussed, we reject this broad proposition.
This brings us to the remedy ordered by the trial court. The court held that it was impermissible under any circumstances for a statutorily mandated municipal attorney to be paid in any manner other than by ordinance. In this case, that was so, because of the impermissible splitting of duties that were prescribed by ordinance for the "Township Attorney." However, just as bond counsel and labor counsel could be paid separately, separate duties for the same person hired pursuant to resolution could also be split off. It was the overlapping lists of duties that was fatal here.[4]
*1006 We therefore hold that, although a corrective and ratifying ordinance, incorporating the hourly rate for litigation and other specialized and non-recurring services, over and above the $50,000 base salary for other listed services, was appropriate, this was not the only permissible remedy. The same result could have been achieved by amending Middletown Code § 4-32B to accurately describe the general, recurring, routine services to be performed by the statutorily mandated attorney, by whatever name, for the $50,000 salary.
The trial court recognized that the Township had followed the same procedure for many years without challenge and that it is similar to the procedure followed in many municipalities in the State. The court also recognized that, acting in good faith, Reilly performed the services required by both resolutions to the satisfaction of his client, the Township, which fully expected to pay in accordance with its contractual and ordinance obligations.
The judge noted that "[t]hese types of situations cannot be viewed inside a vacuum, but rather the Court should consider all of the relevant circumstances." He then noted that to preclude Reilly from continuing to serve in both capacities, special counsel would have to be brought in at a higher rate, to the detriment of the local taxpayers. He further noted that Reilly maintains a private law office and incurs overhead expenses. Thus, he would face "potential financial hardships as too great a price ... to pay in the current action." In essence, the judge implicitly recognized that Reilly, under all of the circumstances, held the positions to which he was appointed on a de facto basis, see Adams v. Goldner, 79 N.J. 78, 82, 397 A.2d 1088 (1979); N.J.S.A. 40A:9-6, and, even if there were procedural defects in his appointment process, payment should be made for services actually rendered.
Considering these circumstances, the court held that it would be inequitable to require Reilly to reimburse the Township for all sums paid in excess of $50,000 (so long as a correcting and ratifying ordinance was adopted). These were appropriate equitable considerations, and we have no occasion to find that they were outside the scope of the judge's discretion.
Accordingly, on Reilly's appeal, we affirm in part and reverse in part. On plaintiffs' cross-appeal, we affirm.
NOTES
[1] Larry S. Loigman owns property in the Township and is a taxpayer. Joseph F. McGrath is a resident of the Township. James J. Griffin is a resident and taxpayer of the Township.
[2] The court also required the Township to adopt a clarifying resolution eliminating the disparity in nomenclature between "Municipal Attorney" and "Township Attorney." In light of our rationale and holding, we do not consider this a significant issue.
[3] The Township Committee and the Township have not appealed.
[4] Plaintiffs have not challenged the compensation that was presumably paid in 2007 to the various specialized counsel on the ground that those services should have been included in the services of the Township Attorney under the ordinance provisions requiring that he handle "all legal matters," including "litigation." Nor have plaintiffs challenged Middletown Code § 4-32D, which authorizes the Township Attorney, with the approval of the Township Committee, to appoint special counsel.