THE BOROUGH OF BELMAR POLICEMEN'S BENEVOLENT ASSO-
CIATION OF LOCAL # 50, PLAINTIFFS-RESPONDENTS, v.
BOROUGH OF BELMAR AND LAWRENCE A. VOLA, CHIEF
OF POLICE, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 17, 1981—Decided April 22, 1981.

474

Before Judges ALLCORN, PRESSLER and FURMAN.

*Joseph Hillman, Jr.* argued the cause for appellants (*Hillman, Badach & Sullivan*, attorneys; *Joseph Hillman, Jr.*, on the brief).

*Laurence M. McHeffey* argued the cause for respondents (*Hanlon, Dempsey & McHeffey*, attorneys; *Laurence M. McHeffey* of counsel and on the brief).

*Larry R. Etzweiler,* Deputy Attorney General, argued the cause on behalf of the Attorney General of New Jersey, *amicus curiae (Larry R. Etzweiler* on the brief; *John DeCicco,* Assistant Attorney General, of counsel).

*Francis J. Vernoia* argued the cause on behalf of New Jersey State Policemen's Benevolent Association, *amicus curiae (Zazzali, Zazzali & Kroll,* attorneys; *James R. Zazzali* and *Francis J. Vernoia* on the brief).

*Jacob Green,* argued the cause on behalf of New Jersey State Special Police Association, *amicus curiae (Green & Dzwilewski,* attorneys; *Jacob Green* of counsel; *Ellen Harrison* on the brief).

*Gerald L. Dorf* argued the cause on behalf of New Jersey State League of Municipalities, *amicus curiae (Dorf & Glickman,* attorneys; *Gerald L. Dorf* and *Mark S. Ruderman* of counsel and on the brief).

The opinion of the court was delivered by

ALLCORN, P. J. A. D.

With one exception, we are substantially in accord with the conclusions of Judge McGann in his opinion, reported at 174 *N.J.Super* 370 (Law Div. 1980).

■ Under the statutory scheme enacted by the Legislature governing the establishment and operation by a municipality of a local police force or police department, *N.J.S.A.* 40A:14–118 *et seq.,* the usual and customary duties of a policeman may be performed only by a regular member of the police department. *N.J.S.A.* 40A:14–122. At the same time, and in the normal course, special policemen may perform only limited and special tasks on behalf of the municipality, such as street-crossing guards, parking meter enforcement duty and like activity peripheral to the customary duties of a regular policeman. *N.J. S.A.* 40A:14–146; *Caronia v. Civil Service Comm'n,* 6 *N.J.Super.* 275, 281–282 (App.Div.1950); 16 *McQuillin, Municipal Corporations* (3 ed. rev. 1979), § 45.06(a) at 537.

■ It is our view, however, that special policemen may be called upon in the event of the occurrence of a sudden, unexpected and critical emergency of such nature that the regular police force (inclusive of permanent and temporary members) is unable adequately to protect the public safety without assistance. In such instances the municipality may use such number of special policemen to such limited extent and for such limited period during the emergency as may be essential to adequately protect the public interest—utilizing where possible such safeguards as placing the special policemen in company with and under the direction of regular policemen.

In the case of the occurrence of any other exigent situations which may require additional personnel to assist the regular, permanent members of the police force in the performance of their regular functions—*i. e.*, "in emergencies or [during] ... certain specified parts of the year"—the municipality is limited to the employment and use of "such officers and other personnel for said police department ... as temporary employees ..., as needed," *N.J.S.A.* 40A:14–122; *Adams v. Goldner*, 79 *N.J.* 78, 81–82 (1979). By necessary implication, under the terms of the latter statute persons so temporarily appointed are regular members of the police department, though temporary. Special policemen, on the other hand, by express provision of *N.J.S.A.* 40A:14–146 are "not ... members of the police force."

We have some question, however, as to the views of the trial judge concerning the applicability of the Police Training Act (*N.J.S.A.* 52:17B–66 *et seq.*) to persons appointed as temporary members of the regular police force under the provisions of *N.J.S.A.* 40A:14–122. So far as appears, this question was not a litigated issue in the case—if, indeed, it could or should have been an issue absent the Police Training Commission or the State as a party. In passing, it should be noted also that *N.J.S.A.* 52:17B–68 requires completion of an approved police training course only as to persons given a "permanent appointment" as police officers—which would seem to exclude those

persons temporarily appointed pursuant to *N.J.S.A.* 40A:14–122 and *N.J.S.A.* 40A:14–144, 145.

Be this as it may, for the reasons stated, we disagree with the views of the trial judge in this regard, and leave the issue for determination in an appropriate proceeding in which the question is really at issue and all parties in interest are joined and are afforded the opportunity to litigate and to be heard.

Accordingly, and except as otherwise indicated, the judgment of the Law Division is affirmed. No costs.